IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT JAMES PIETTE, <br> # 20140301148, <br><br> Plaintiff, <br><br> vs. <br><br> MARC HODGE, <br> JANIS K. JOKISCH, <br> MS. TREADWAY, <br> and MR. KITTLES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-01101-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robert Piette, who is currently incarcerated at Cook County Jail in Cook County, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that officials at Lawrence Correctional Center wrongfully held him for sixty-six days past his mandatory supervised release date in 2013 (Doc. 1, pp. 6-13). This delay allegedly violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment. In connection with this allegedly excessive incarceration, Plaintiff now sues four Lawrence officials, including Marc Hodge (warden), Ms. Treadway (assistant warden), Janis Jokisch (records clerk), and Mr. Kittles (inmate counselor). He seeks compensatory and punitive damages (Doc. 1, p. 14).

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review.

## The Complaint

Plaintiff alleges that he was held for sixty-six days beyond his mandatory supervised release date at Lawrence Correctional Center in 2013. He sues four Lawrence officials in

connection with his claim of excessive incarceration (Doc. 1, p. 6). Plaintiff asserts that each official violated his rights under the Eighth and Fourteenth Amendments by keeping him in prolonged confinement (Doc. 1, p. 13).

According to the complaint, Plaintiff was sentenced to five years of imprisonment for unlawful possession of a controlled substance on February 26, 2009 (Doc. 1, p. 7). Although it is not altogether clear from the allegations in the complaint, it appears that this sentence was to run concurrent with Plaintiff's sentence for a residential burglary conviction and consecutive to another sentence that he was serving with the Arizona Department of Corrections (Doc. 1, pp. 7, 12). On June 24, 2011, the Arizona Department of Corrections released Plaintiff into the custody of the Dupage County Sheriff's Department, and one week later, Plaintiff transferred to the Illinois Department of Corrections to serve his remaining sentence.

Around June 30, 2011, Plaintiff reviewed his sentencing orders and noticed several errors. He immediately notified officials at Stateville Correctional Center, where he was temporarily detained. Stateville officials told Plaintiff that the errors would be corrected at his parent institution, Lawrence Correctional Center.

Once at Lawrence, Plaintiff began seeking correction of his sentencing order. Beginning in September 2011, he raised the issue with his sentencing judge, the Dupage County Public Defenders' Officer, Dupage County Clerk's Office, Lawrence's records office, and numerous Lawrence officials. These officials included Defendants Hodge (warden), Treadway (assistant warden), Jokisch (records law clerk), and Kittles (inmate counselor). Plaintiff met with these officials and spoke with them directly on multiple occasions about the errors in the sentencing order; he requested their assistance in correcting the errors. Each time, they failed to investigate the matter or provide a satisfactory response.

Without warning on February 26, 2013, Plaintiff received orders to return to his housing unit around 10:30 a.m. At the time, he was working in the prison barber shop. By 11:30 a.m., Plaintiff was on a bus to Indiana. Without warning, he had been released from confinement.

Plaintiff now claims that he worked with Lawrence officials for sixteen months to correct the error in his sentencing order. It appears that the sentencing court and Dupage County Clerk may have corrected the errors as early as October 2011 (Doc. 1, p. 12). However, Lawrence officials allegedly failed to investigate, discover, and/or acknowledge the amended sentencing order (Doc. 1, p. 12). Consequently, Plaintiff was subjected to unnecessarily prolonged confinement. He now seeks monetary damages from Defendants Hodge, Treadway, Jokisch, and Kittles.

## Discussion

After carefully considering the allegations, the Court finds that the complaint states claims, at this early stage, against Defendants Hodge, Treadway, Jokisch, and Kittles for excessive confinement under the Eighth Amendment (**Count 1**) and for denial of due process under the Fourteenth Amendment (**Count 2**). Plaintiff shall be allowed to proceed with **Counts 1** and **2** against Defendants Hodge, Treadway, Jokisch, and Kittles.

### Count 1 – Excessive Confinement

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment against those who have been convicted of a crime. This includes punishment that is "totally without penological justification." *See Gregg v. Georgia*, 428 U.S. 153, 183 (1976); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Seventh Circuit has long recognized that "incarcerating a person beyond the termination of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment." *See Campbell v. Peters*,

256 F.3d 695, 700 (7th Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)). *See also Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014).

To establish liability under Section 1983 for excessive incarceration, a plaintiff must demonstrate that: (1) the defendants held him beyond the term of his incarceration without penological justification; and (2) the prolonged detention was the result of the defendants' deliberate indifference. *Armato*, 766 F.3d at 721 (citing *Campbell*, 256 F.3d at 700). Deliberate indifference is shown where defendants ignore a known risk of prolonged confinement. *Id.* (citing *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013)). The complaint satisfies this standard. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Hodge, Treadway, Jokisch, and Kittles.

### Count 2 – Due Process Violation

A Fourteenth Amendment procedural due process claim requires Plaintiff to show that: (1) he was deprived of a protected liberty or property interest; and (2) he did not receive the process that was due to justify the deprivation of that interest. *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citing *McKinney v. George*, 726 F.2d 1183, 1189 (7th Cir. 1984)). In this case, the complaint alleges that Plaintiff was held beyond his release date, and this deprivation resulted from Defendants' failure to take meaningful steps to investigate or resolve the errors in Plaintiff's sentencing order. Although the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to pursue **Count 2** against Defendants Hodge, Treadway, Jokisch, and Kittles at this early stage.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion for recruitment of counsel, which shall be **REFERRED** to a **United States Magistrate Judge** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **MARC HODGE, JANIS JOKISCH, MS. TREADWAY,** and **MR. KITTLES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: November 6, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**
